## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| Katherine Dara Richter ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| Verizon Wireless ) | |
| ) | |
| Serve Any Officer at: ) | |
| One Verizon Way ) | |
| Attn: Corporate Governance ) | |
| Basking Ridge, NJ 07920 ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| Equifax Information Services, LLC, ) | |
| ) | |
| Serve Registered Agent at: ) | |
| CSC – Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 665101 ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Katherine Dara Richter, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq*., in her Complaint for Damages states and alleges to the Court as follows:

## **INTRODUCTION**

This is an action for damages brought by individual consumer Katherine Dara Richter against Verizon Wireless and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

1

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that both Defendants transact business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3. Katherine Dara Richter (hereafter "**Plaintiff**"), is a natural persons who, at all times relevant, resides in the State of Kansas.

4. Defendant Verizon Wireless, hereafter ("**Defendant Verizon**"), is a business entity that regularly conducts business in Kansas, and may be served at its corporate headquarters, at One Verirzon Way, Attn: Corporate Governance, Basking Ridge, NJ 07920.

5. Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On May 13, 2010, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas, Case No.10-21624-rdb13.

7. Plaintiff received her discharge on February 13, 2014.

8. On May 22, 2014, Plaintiff requested and reviewed her credit reports from TransUnion, Equifax and Experian.

9. Plaintiff became aware that Defendant Verizon was misreporting information on all three of her credit reports for a debt that originated on or around June 20, 2000.

10. Defendant Verizon was reporting incorrectly on Plaintiff's credit reports that there was an outstanding balance of $469.00 and a past due amount of $469.00.

11. On June 19, 2014, Plaintiff sent letters with her bankruptcy information to Equifax, Experian and TransUnion disputing Defendant Verizon's incorrect reporting in accordance with 15 U.S.C. § 1681i.

12. Copies of Plaintiff's dispute letters are attached as Exhibit A.

13. The credit reporting agencies sent a Consumer Dispute Verification to Defendant Verizon as required by 15 U.S.C. § 1681i.

14. Although Defendant Verizon corrected the balance reported on Plaintiff's Experian and TransUnion credit reports, Defendant Verizon failed to correct the balance reported on Plaintiff's Equifax credit report.

15. Accordingly on September 5, 2014, Plaintiff sent a second letter with her bankruptcy information to Equifax disputing Defendant Verizon's incorrect reporting in accordance with 15 U.S.C. § 1681i.

16. A Copy of Plaintiff's second dispute letter is attached as Exhibit B.

17. Again Defendant Verizon failed to correct the balance reported on Plaintiff's Equifax credit report.

18. The second incorrect Equifax report is attached as Exhibit C.

19. Despite the receipt and knowledge of Plaintiff's dispute letters, Defendant Veriozn was still willfully misreporting to Equifax an outstanding balance of $469.00 and a past due amount of $469.00.

20.     Defendant Verizon's failure to conduct a reasonable investigation of Plaintiff's account, as reported to Equifax, was a substantial factor causing Plaintiff emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

21.     The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## DEFENDANT VERIZON
## VIOLATIONS OF THE FCRA

22.     Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

23.     Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

24.     Defendant Verizon qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

25.     The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

26.     Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

27.     The FCRA also provides privately enforceable duties limited to the formal process where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

4

28. After receipt of a disputed account from a CRA, a furnisher's duty is to review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

29. The courts have consistently adopted that the standard of the furnisher's reinvestigation must be evaluated under a reasonable investigation standard.

30. This standard will be evaluated from a number of factors.

31. One specific obligation is that the furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

32. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

33. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

34. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

35. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

36. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

37. After receiving notice of Plaintiff's dispute letters from Equifax, and knowingly fixing Plaintiff's other credit reports with Experian and TransUnion, by conducting a minimally reasonable reinvestigation, Defendant Verizon should have properly updated the information reported on Plaintiff's accounts to Equifax.

38. As a result of Defendant Verizon's failure to conduct a reasonable reinvestigation, Defendant Verizon caused Plaintiff to incur emotional distress, frustration, inconvenience, time and expense.

39. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

40. Plaintiff's actual damages include but are not limited to, Plaintiff's emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

41. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

42. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d

895 (W.D. Tenn. 2003).

43. Defendant Verizon was notified twice by Equifax of Plaintiff's dispute letters requesting a reinvestigation that it was reporting inaccurate information on Plaintiff's credit report.

44. Yet, Defendant Verizon elected to ignore that information and refused to correct Plaintiff's Equifax credit report, despite fixing Plaintiff's other credit reports with Experian and TransUnion.

45. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

46. Defendant Verizon's failure to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account illustrates a reckless disregard for Plaintiff's rights under the FCRA.

47. Defendant Verizon's failure to conduct a reasonable investigation and correct the information Defendant Verizon is furnishing to Equifax concerning Plaintiff's account constitutes a willful violation of the FCRA.

48. Willfulness is further evidenced by Defendant Verizon's knowledge and correction of the improper reporting to Plaintiff's other credit reports.

49. Defendant Verizon fails to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

50. This failure is compounded by Defendant Verizon's failure to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit

reporting agencies.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

51. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

52. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

53. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

54. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

55. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

    a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff in violation of 15 U.S.C. §1681i(a);

    b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    d. Willfully and negligently failing to review and consider all relevant

information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e. Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

f. Willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

g. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff;

h. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

i. Willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

j. Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

56. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Katherine Dara Richter respectfully requests this Court award the following:

a.  Actual Damages;

b.  Statutory Damages for each violation of the FCRA;

c.  Punitive Damages;

d.  Costs and reasonable attorney's fees pursuant to the FCRA;

e.  Removal of all misreported information from Plaintiff's Equifax credit report;

f.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/* Chelsea S. Springer

Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO  64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiff